UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID A. ARMSTRONG,

    Plaintiff,

v.                          Case No. 8:14-cv-1270-T-33MAP

DOHERTY FLORIDA NORTH
PORT, LLC,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Doherty Florida North Port, LLC's Motion to Dismiss filed on June 5, 2014. (Doc. # 6). Plaintiff David A. Armstrong filed a response in opposition to the Motion on June 19, 2014. (Doc. # 10). For the reasons stated below, and for the reasons stated at the hearing on July 18, 2014, the Court grants Defendant's Motion. However, the Amended Complaint is dismissed without prejudice, so that Plaintiff may file a Second Amended Complaint by August 15, 2014, to state a claim, if possible.

**I.**    **Background**

Armstrong was employed at an Applebee's operated by Gator Apple, LLC until the company sold the Applebee's to Doherty. (Doc. # 2 at ¶¶ 9-10). According to Armstrong, he was offered a position by Doherty on July 24, 2013. (Id. at ¶ 11). On July 27, 2013, Armstrong allegedly injured his knee while working. (Id. at ¶ 12). Armstrong contends that his doctor gave him medical restrictions and further claims that his work-related injury was a "serious health condition" that rendered him unable to work for almost one month. (Id. at ¶¶ 12-13).

Armstrong informed Doherty "of his [s]erious [h]ealth [c]ondition and of his need to take leave to receive treatment." (Id. at ¶ 14). According to Armstrong, Doherty did not inform Armstrong of his FMLA rights or grant his FMLA leave despite the fact that he was eligible for such leave. (Id. at ¶ 15). Armstrong argues that Doherty terminated his employment on August 14, 2013. (Id. at ¶ 16). Armstrong thus contends that Doherty interfered with his rights under the FMLA and retaliated against his exercise of those rights. (Id. at ¶¶ 19, 24-25).

Armstrong brought this action in state court against Doherty on February 19, 2014, and filed an Amended Complaint on April 17, 2014 (Doc. # 2), alleging Family and Medical

2

Leave Act interference (Count I), Family and Medical Leave Act retaliation (Count II), and worker's compensation retaliation (Count III). (Id. at ¶¶ 18-19, 24-25, 29-30). Doherty timely removed this action on May 29, 2014, contending that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the FMLA claims arise under the laws of the United States. (Doc. # 1). The Court remanded the worker's compensation claim to state court on May 30, 2014, for lack of subject matter jurisdiction. (Doc. # 4).

Doherty filed the present Motion on June 5, 2014 (Doc. # 6), to which Armstrong responded on June 19, 2014 (Doc. # 10). This Court held a hearing on the Motion on July 18, 2014. The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the]

complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

Under the FMLA, an eligible employee is entitled to take up to twelve workweeks of unpaid leave every twelve months due to, for example, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Rivera v. Avis Budget Car Rental, LLC, No. 8:11-cv-1676-T-33EAJ, 2012 WL 1656907, at *5 (M.D. Fla. May 10, 2012) (quoting 29 U.S.C. § 2612(a)(1)). Employees may bring a cause of action for interference, retaliation, or

4

both to protect their right under the FMLA. See id. To assert an interference claim under the FMLA, "an employee must allege that [he] was denied a benefit to which [he] was entitled under the FMLA." Chapman v. United States Postal Serv., 442 F. App'x 480, 483 (11th Cir. 2011). To claim retaliation under the FMLA, the employee must assert that: "(1) [he] engaged in statutorily protected activity; (2) [he] experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." Id. (quoting Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (internal quotations omitted)).

Doherty moves to dismiss Armstrong's Amended Complaint, claiming that Armstrong failed to plead his FMLA claims with sufficient specificity. (Doc. # 6 at ¶ 7). Particularly, Doherty contends that Armstrong never submitted that he accepted a position with Doherty or that he was employed by Doherty at any time, especially at the time of his alleged injury. (Id. at ¶¶ 8-9). Thus, Doherty submits that Armstrong did not plead "enough facts to state a claim for relief that is plausible on its face," and as a result his "Amended Complaint is not supported by factual allegations." (Id. at

5

¶ 11) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009); <u>Twombly</u>, 550 U.S. at 570).

Conversely, Armstrong asserts that under <u>Skinner v. Switzer</u>, 131 S. Ct. 1289 (2011), he sufficiently pled his FMLA interference and retaliation claims. (Doc. # 10 at 2-3). Armstrong contends that because the <u>Skinner</u> opinion cited the pre-<u>Twombly</u> case of <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (2001), when faced with a 29 U.S.C. § 1983 discrimination claim, the Supreme Court intended to "reinvigorate and re-stress the importance of the <u>Swierkiewicz</u> pleading standard for discrimination and retaliation claims with only the <u>Twombly</u> and <u>Iqbal</u> additional gloss that the pleadings must contain a 'plausible' short and plain statement of the claim." (Doc. # 10 at 2-3) (citing <u>Skinner</u>, 131 S. Ct. at 1296).

Armstrong submits that under the <u>Swierkiewicz</u> pleading standard, Title VII discrimination and retaliation claims do not require a heightened pleading standard, and Title VII plaintiffs need not allege "specific facts in support of their claims." (<u>Id.</u> at 3) (internal quotation marks omitted) (citing <u>Twombly</u>, 550 U.S. at 570 (citing <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 508 (2001))).

6

The Court acknowledges Armstrong's argument regarding the pleading standard in this action, but is inclined to disagree with his interpretation. In Swierkiewicz, 534 U.S. at 506, the Supreme Court held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas, but must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. See Uppal v. Hosp. Corp. of Am., 483 F. App'x 394, 396 (11th Cir. 2012)(quoting Swierkiewicz, 534 U.S. at 511) ("Although a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment, the 'ordinary rules for assessing the sufficiency of a complaint [still] apply.'").

Therefore, at this stage of the proceedings, although Armstrong need not provide the specific factual allegations to support his FMLA claims, he must still provide sufficient information to establish his entitlement to relief. See Skinner, 131 S. Ct. at 1296 ("[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's

7

claim, not an exposition of his legal argument."); see also Uppal, 482 F. App'x at 396.

Furthermore, although Fed. R. Civ. P. 8 constitutes a liberal pleading standard, legal conclusions must be supported by factual allegations. See Iqbal, 556 U.S. at 664. For example, a plaintiff's FMLA complaint must contain sufficient facts to allege that he or she is an "eligible employee" under the FMLA. See Saavedra v. USF Bd. of Trustees, No. 8:10-CV-1935-T-17TGW, 2011 WL 1742018, at *3 (M.D. Fla. May 6, 2011) (granting defendant's 12(b)(6) motion with leave to amend because plaintiff's complaint pled insufficient facts to support the legal conclusion that plaintiff was an eligible employee under the FMLA); Shanks v. Potter, No. CV 110-045, 2010 WL 8347107, at *6 (S.D. Ga. Dec. 28, 2010) ("To survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual matter to allow for an inference that the employee has been employed for at least 12 months by the employer and for at least 1,250 hours in the last 12 months.").

Viewing all reasonable inferences in the light most favorable to Armstrong, this Court finds that Armstrong did not sufficiently plead his FMLA claims. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010) ("[The Court must] draw

8

all reasonable inferences in the plaintiff's favor."). In <u>Shanks</u>, 2010 WL 8347107 at *6, the court found that the plaintiff had not sufficiently pled his FMLA claim as he "failed to make any mention whatsoever of his status as an 'eligible employee' under the FMLA" in his complaint. Likewise, although Doherty fails to raise the issue in its Motion, Armstrong failed to mention his status as an eligible employee under the FMLA in his Amended Complaint. While Armstrong states in conclusory fashion that he was "an employee within the meaning of the FMLA" and "eligible for FMLA leave," he does not provide any facts to support those contentions, including when his employment with Doherty commenced. (<u>See</u> Doc. # 2 at ¶¶ 3, 15).

Therefore, based solely on the four corners of Armstrong's Amended Complaint, the alleged job offer, injury, and termination dates provided by Armstrong do not support a reasonable inference that Armstrong was an eligible employee under the FMLA. Armstrong alleges that he was employed by Gator Apple, LLC; that he was offered a position by Doherty on July 24, 2013; that he was injured while working on July 27, 2013; and that Doherty terminated his employment on August 14, 2013. (<u>Id.</u> at ¶¶ 9, 11-12, 16). Armstrong provides no facts to allege that he was employed "for at least 12 months

9

. . . and for at least 1,250 hours of service," and thus does not factually support the legal conclusion that he was an eligible employee. See 29 U.S.C. § 2611(2)(A).

Furthermore, although Armstrong alleges that Doherty was an "employer" as well as a "successor in interest" to Gator Apple, LLC, he does not assert any facts to support either of those labels by, for example, addressing the qualification factors listed in 29 U.S.C. § 2611(4) and 29 C.F.R. § 825.107, respectively. See 29 U.S.C. § 2611(4); 29 C.F.R. § 825.107; (Doc. # 2).

Upon due consideration, this Court finds that Armstrong failed to sufficiently plead his FMLA claims of interference and retaliation as he did not allege sufficient facts to support the legal conclusion that he was an eligible employee under the FMLA. Additionally, he did not allege facts to support the legal conclusions that Doherty was an employer and a successor in interest within the meaning of the FMLA. Thus, Doherty's Motion is granted, and Armstrong has until August 15, 2014, to file a Second Amended Complaint to state a claim, if possible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Doherty Florida North Port, LLC's Motion to Dismiss (Doc. # 6) is **GRANTED**.

(2) Plaintiff David A. Armstrong has until and including **August 15, 2014**, to file a Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record