```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

DAVID A. ARMSTRONG,

    Plaintiff,
v.                              Case No. 8:14-cv-1270-T-33MAP

DOHERTY FLORIDA NORTH
PORT, LLC,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Doherty Florida North Port, LLC's Motion to Dismiss Second Amended Complaint (Doc. # 33), filed on September 3, 2014. Plaintiff David A. Armstrong filed a response in opposition to the Motion on September 17, 2014. (Doc. # 36). For the reasons stated below, the Motion is denied.

**I.   Background**

Beginning in 2008, Armstrong was employed as a training manager at an Applebee's located in North Port, Florida, which was operated by Gator Apple, LLC. (Doc. # 32 at ¶ 2). According to the Second Amended Complaint, at all relevant times, Armstrong "was a full time employee," and from July

27, 2012, until July 27, 2013, Armstrong "worked far in excess of 1,250 hours for Gator Apple, LLC." (Id.).

In anticipation of Doherty's acquisition of several Applebee's restaurants owned by Gator Apple, LLC, representatives of Doherty organized an orientation meeting for all Gator Apple, LLC employees who were employed at restaurants being acquired by Doherty. (Id. at ¶ 10). Armstrong attended this orientation meeting. (Id.). At the meeting, Armstrong was offered a position with Doherty, which he accepted. (Id.). At that time, Armstrong filled out employment paperwork, which included tax forms and an insurance application; was advised of Doherty's company culture; and received a paycheck from Doherty for attending this meeting. (Id.). By virtue of Doherty's actions, Armstrong submits that Doherty was Armstrong's employer. (Id.).

On or about July 31, 2013, Doherty purchased 38 Applebee's restaurants owned by Gator Apple, LLC, including the North Port Applebee's where Armstrong was employed. (Id. at ¶ 4). According to the Second Amended Complaint:

> When [Doherty] purchased the North Port Applebee's from Gator Apple, LLC, there was a substantial continuity of the same business operations as when it was operated by Gator Apple, LLC. Specifically,

> the restaurant was located in the same exact physical location, in the same building, with the same signage, business name, and menu. Further, [Doherty] continued to employ the entire workforce that had worked at the North Port Applebee's prior to [Doherty] acquiring it in the same jobs held by such workforce prior to the acquisition. All of the supervisory personnel remained the same. The equipment, machinery and food production methods remained the same. The products and services, consisting of food and beverages, remained exactly the same at the North Port Applebee's after it was acquired by [Doherty].

(Id. at ¶ 6). As a result, Armstrong alleges that Doherty is a "successor in interest" to Gator Apple, LLC. (Id.).

On July 27, 2013, Armstrong injured his knee while working. (Id. at ¶ 11). Armstrong contends that his doctor gave him medical restrictions and further claims that his work-related injury was a "serious health condition" under the Family and Medical Leave Act (FMLA). (Id. at ¶¶ 11-12). Armstrong made a claim for worker's compensation benefits. (Id. at ¶ 11).

Armstrong informed his supervisor at the North Port Applebee's "of his [s]erious [h]ealth [c]ondition and of his need to take leave to receive treatment." (Id. at ¶ 13). According to Armstrong, Doherty did not inform Armstrong of his FMLA rights or grant his FMLA leave despite Armstrong's

3

eligibility for such leave. (Id. at ¶ 14). Armstrong argues that "[e]ven though [Armstrong] was told that he could return to work once he presented a release allowing him to return, once [Armstrong] presented the release he was not permitted to return. Instead, [Armstrong] was terminated." (Id. at ¶ 15). Armstrong thus contends that Doherty interfered with his rights under the FMLA and retaliated against his exercise of those rights. (Id. at 4-7).

Armstrong brought this action in state court against Doherty on February 19, 2014, and filed an Amended Complaint on April 17, 2014 (see Doc. # 2), alleging FMLA interference (Count I), FMLA retaliation (Count II), and worker's compensation retaliation (Count III). (Id. at ¶¶ 18-19, 24-25, 29-30). Doherty timely removed this action on May 29, 2014, contending that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the FMLA claims arise under the laws of the United States. (See Doc. # 1). The Court remanded the worker's compensation claim to state court on May 30, 2014, for lack of subject matter jurisdiction. (Doc. # 4).

Doherty filed a Motion to Dismiss the Amended Complaint on June 5, 2014 (Doc. # 6), which this Court granted on July 21, 2014 (Doc. # 27). Thereafter, Armstrong filed his Second Amended Complaint. (Doc. # 32). Doherty filed the present

4

Motion to Dismiss on September 3, 2014. (Doc. # 33). Armstrong filed a response in opposition to the Motion on September 17, 2014. (Doc. # 36). The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

### II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true

5

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

Under the FMLA, an eligible employee is entitled to take up to twelve workweeks of unpaid leave every twelve months due to, for example, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Rivera v. Avis Budget Car Rental, LLC, No. 8:11-cv-1676-T-33EAJ, 2012 WL 1656907, at *5 (M.D. Fla. May 10, 2012) (quoting 29 U.S.C. § 2612(a)(1)). Employees may bring a cause of action for interference, retaliation, or both to protect their right under the FMLA. See Id. To assert an interference claim under the FMLA, "an employee must allege that [he] was denied a benefit to which [he] was entitled under the FMLA." Chapman v. United States Postal Serv., 442 F. App'x 480, 483 (11th Cir. 2011). To claim retaliation under the FMLA, the employee must assert that: "(1) [he] engaged in statutorily protected activity; (2) [he] experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse

6

action." Id. (quoting Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (internal quotations omitted)).

Doherty moves to dismiss Armstrong's Second Amended Complaint claiming that Armstrong failed to plead his FMLA claims with the requisite specificity. (Doc. # 33 at 3). From the Court's review of the Motion, Doherty raises three specific grounds for dismissal, and as a result, the Court will limit its analysis to those grounds. (Id.).

First, Doherty contends that the dates set forth in the Second Amended Complaint are inconsistent. (Id. at 4). Particularly:

> [Armstrong] alleges that [Doherty] purchased the North Port Applebee's . . . on July 31, 2013 [Second Amended Compl., ¶ 4], presuming that [Doherty] became [Armstrong's] employer on the date of the purchase. Yet, in Paragraph 10 of the Second Amended Complaint, [Armstrong] alleges that [Doherty] was [Armstrong's] employer on July 24, 2013, the date [Doherty] allegedly offered a position to [Armstrong] and which he allegedly accepted.

(Id.).

Second, although Armstrong claims that he "informed his supervisor at the North Port Applebee's of his Serious Health Condition," Doherty argues that Armstrong failed to identify

7

the employer of his supervisor and failed to allege what date he informed his supervisor so that Doherty may determine *whether Armstrong informed Doherty* of his serious health condition or *whether he informed Gator Apple, LLC*. (Id.). Finally, even though Armstrong alleges that Doherty is a "successor in interest" to Gator Apple, LLC, Doherty submits that Armstrong failed to allege that he provided appropriate notice to Gator Apple, LLC so that Doherty could determine whether it was required to grant leave to Armstrong as a successor in interest. (Id.); see 29 C.F.R. § 825.107.

Thus, Doherty contends that Armstrong did not plead "enough facts to state a claim for relief that is plausible on its face," and as a result his "Second Amended Complaint is not supported by factual allegations." (Id. at ¶ 15) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Twombly, 550 U.S. at 570).

At this stage of the proceedings, although Armstrong need not provide the specific factual allegations to support his FMLA claims, he must still provide sufficient information to establish his entitlement to relief. See Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011)("[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of

the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.").

Doherty is correct that in the Second Amended Complaint, Armstrong provides that on July 24, 2013, he attended an orientation meeting hosted by Doherty. (Doc. # 32 at ¶ 10). At the meeting, Doherty offered Armstrong a position, which he accepted. (Id.). As a result of the actions that took place at the meeting, Armstrong alleges that Doherty was his employer. (Id.). Then, the Second Amended Complaint states that on or about July 31, 2013, Doherty purchased the North Port Applebee's where Armstrong was employed. (Id. at ¶ 4).

Accepting the allegations in the Second Amended Complaint as true, the Court does not find that these dates rise to the level of factual inconsistences warranting dismissal of the Second Amended Complaint. Armstrong provided July 24, 2013, as the date Doherty became his employer, not July 31, 2013. (Id. at ¶ 10). To the extent Doherty argues that an inconsistency still remains, the Court finds that discovery will allow the parties to address the dates involved in this action. Doherty may raise its concern regarding inconsistencies, if any, at the motion for summary judgment stage of the proceedings.

9

Furthermore, to the extent Doherty argues that Armstrong's failure to identify "the employer of his supervisor . . . and . . . allege what date he informed his supervisor" of his "serious health condition" warrants dismissal of the Second Amended Complaint (Doc. # 33 at 4), this Court disagrees. The Court notes that in the Second Amended Complaint, Armstrong provides that:

> When [Doherty] purchased the North Port Applebee's from Gator Apple, LLC . . . [a]ll of the supervisory personnel remained the same.
>
> * * *
>
> On January 27, 2013, [Armstrong] fractured his knee while working at the North Port Applebee's. . . . At or around this time, [Armstrong] made a claim for worker's compensation.
>
> [Armstrong] was unable to work from July 27, 2013 until August 21, 2013 due to [Armstrong's] work related injury; during this period of incapacity, [Armstrong] received at least five treatments from a health care provider. [Armstrong] had a Serious Health Condition as defined by the FMLA.
>
> [Armstrong] informed his supervisor at the North Port Applebee's of his Serious Health Condition and of his need to take leave to receive treatment.

(Doc. # 32 at ¶¶6, 11-13).

Thus, construing the allegations set forth in the Second Amended Complaint in favor of Armstrong, it can be inferred

that "[Armstrong's] supervisor remained the same and did not change as a result of the acquisition. The supervisor, in the same manner as [Armstrong], was an employee of Gator Apple, LLC one day and [Doherty] the next." (See Doc. # 36 at 11). Furthermore, it can be presumed that Armstrong notified his supervisor on or about July 27, 2013, of his injury. (See Id.).

To survive the present Motion, Armstrong need not prove any element of his claim against Doherty, but instead need only satisfy the meager pleading standard of Fed. R. Civ. P. 8(a), as described above. To satisfy Rule 8(a), the Second Amended Complaint must specify allegations in a manner that provides Doherty with fair notice of Armstrong's claims and the grounds upon which they rest. See also Souder v. Premier Auto. on Atl., LLC, No. 3:08-cv-973-J-32JRK, 2009 WL 691916, at *4 (M.D. Fla. Mar. 13, 2009) ("While [a] more specific pleading would have been better, [plaintiff] has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence that he is owed compensation for work he performed while employed by defendants; he adequately sets forth a claim and gives defendant fair notice of the basis for his claims.").

At this juncture, Doherty has sufficient notice of the FMLA claims against it. Although questions may remain as to the date Armstrong informed his supervisor of his "serious health condition" and the employer of the supervisor at the time Armstrong relayed this message, the Court finds that discovery will allow for these remaining issues to be addressed. The Court declines to grant Doherty's Motion on this basis.

Finally, the Court notes that Armstrong argues Doherty is a "successor in interest" to Gator Apple, LLC. The Court recognizes Doherty's argument that Armstrong failed to allege that he provided the requisite notice to Gator Apple, LLC – the alleged predecessor – to determine whether Doherty – the alleged successor – was required to grant Armstrong leave. (Doc. # 33 at 4). However, the Court finds this issue is better addressed at the summary judgment stage of the proceedings. At this time, Doherty has sufficient notice of the claims against it and that Armstrong intends to use a "successor in interest" argument in prosecuting his claims against Doherty. In fact, as stated by Armstrong in his response, "[Doherty] appears poised to deny the allegations which would establish successor in interest." (Doc. # 36 at 11). The issue of whether Armstrong provided sufficient

notice is better suited for the summary judgment phase of the proceedings once both parties have had the benefit of conducting discovery on this issue.

Viewing all reasonable inferences in the light most favorable to Armstrong, this Court finds that Armstrong has sufficiently plead his FMLA claims. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010) ("[The Court must] draw all reasonable inferences in the plaintiff's favor."). Therefore, as the Court finds Armstrong's allegations are sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level, as is required at this juncture of the proceedings, the Court denies Doherty's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Doherty Florida North Port, LLC's Motion to Dismiss Second Amended Complaint (Doc. # 33) is **DENIED.**

(2) Defendant has until and including **October 2, 2014**, to file its Answer to Plaintiff's Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of September, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

Case 8:14-cv-01270-VMC-MAP   Document 37   Filed 09/18/14   Page 14 of 14 PageID 231